IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

June 6, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| CRYSTAL M. TRUEITT | ) | HAMILTON COUNTY |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| v. | ) | |
| | ) | 03A01-9612-CV-00399 |
| ALAN A. McCURRY | ) | |
| | ) | |
| Defendant-Appellee | ) | |

HON. SAMUEL H. PAYNE, JUDGE

| | | |
|---|---|---|
| CARMEN Y. SILVELS, Individually | ) | |
| and as Mother, Next Friend and | ) | |
| for the Benefit of CHRISTOPHER | ) | |
| M. SILVELS, a Minor Child | ) | |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| v. | ) | 03A01-9612-CV-00400 |
| | ) | |
| ALAN A. McCURRY | ) | |
| | ) | AFFIRMED IN PART; VACATED |
| Defendant-Appellee | ) | IN PART; and REMANDED |

JOHN W. McCLARTY OF CHATTANOOGA FOR APPELLANT CRYSTAL M. TRUEITT
and APPELLANT CARMEN Y. SILVELS

ROBERT L. WIDERKEHR, JR. OF CHATTANOOGA FOR APPELLEE

O P I N I O N

Goddard, P.J.

        Crystal M. Trueitt and Carmen Y. Silvels, individually
and as mother and next friend of Christopher M. Silvels, a minor,

appeal judgments rendered in their favor in the Circuit Court for Hamilton County in the amounts of $1,033.36; $1,004.60; and $96.50, respectively.

They raise the same single issue on appeal:

> The Trial Court erred in failing to grant plaintiff's motion for a new trial on the grounds that the jury award was so disproportionate to the proved damages as to show passion, prejudice or unaccountable caprice sufficient to invalidate the verdict.

The standard of review in determining whether an appellate court should require a new trial because of the inadequacy of a jury verdict is whether the amount awarded falls below the range of reasonableness. Smith v. Shelton, 569 S.W.2d 421 (Tenn. 1978). Although not specifically citing Smith, this Court, in Wilkerson v. Altizer, 845 S.W.2d 744, 749 (Tenn. App. 1992), followed the same rule and, in doing so, said the following:

> This Court does not have the authority to grant an additur. Tenn. Code Ann. § 20-10-101. We review the action of the trial court in suggesting an additur pursuant to Tennessee Rule of Appellate Procedure 13(d). Tenn. Code Ann. 20-10-101(b)(2).
>
> However, the statute does not provide any guidance when the trial court refuses to grant an additur. See Foster v. Amcon International, Inc., 621 S.W.2d 142, 146 (Tenn. 1981).
>
> Here, the jury's verdict was not within the "range of reasonableness." Therefore, the trial court should have suggested an additur or granted a new trial. Foster v. Amcon International, Inc., 621 S.W.2d 142 (Tenn. 1981). We are of the opinion that the trial

2

court abused its discretion in failing to suggest an additur or, in the alternative, failing to grant a new trial.

The record discloses the following facts relative to the accident. On October 19, 1994, Plaintiff Crystal M Trueitt was operating an automobile on Glenwood Drive in Chattanooga and stopped at its intersection with Glenwood Parkway, intending to turn left. While stopped, her vehicle was struck in the rear by a truck being operated by the Defendant, Alan A. McCurry. Her sister, Carmen Y. Silvels, was sitting in the passenger's seat and had in her lap her two-year-old son, Christopher M Silvels. The seat belt on the passenger's side was being utilized, protecting both mother and child.

After the accident, all three of the passengers were transported by ambulance to Parkridge Medical Center, where each received emergency treatment. Thereafter, the sisters came under the care of Dr. Arnold R. Thorner and, according to them, continued to have problems incident to the accident. There are, however, discrepancies between the testimony of the sisters and discovery testimony, answer to interrogatories and other witnesses they introduced. Without detailing the nature of the testimony, we find that these discrepancies would justify the jury and ultimately the Trial Court in finding that they were exaggerating the nature and seriousness of their injuries, and the jury was justified in reducing the award it might otherwise have given.

3

The record discloses the following medical expenses claimed by each:

CRYSTAL M TRUEITT

| | | |
|---|---|---|
| 1. | Hamilton County EMS . . . . . . . | $ 150.00 |
| 2. | Parkridge Hospital . . . . . . . | 557.10 |
| 3. | Emergency Medical Assoc. . . . . . | 90.00 |
| 4. | Radiology Group of Chatta. . . . . | 119.00 |
| 5. | Dr. Donald R. Thorner . . . . . . | 924.00 |
| 6. | Dr. Cornelius Mance . . . . . . . | 270.00 |
| 7. | Physical Therapy Assoc. . . . . . | 418.00 |
| 8. | North River P.T. . . . . . . . | 358.40 |
| 9. | Teamsters Pharmacy . . . . . . . | 100.36 |
| | | _____ |
| | TOTAL MEDICALS . . . . . . . . . . | $2,986.86 |

CARMEN Y. SILVELS

| | | |
|---|---|---|
| 1. | Hamilton County EMS . . . . . . . | $ 180.00 |
| 2. | Parkridge Hospital . . . . . . . | 241.60 |
| 3. | Emergency Medical Assoc. . . . . . | 90.00 |
| 4. | Radiology Group of Chatta. . . . . | 28.00 |
| 5. | Dr. Donald R. Thorner . . . . . . | 960.00 |
| 6. | Dr. Larry Gibson . . . . . . . . . | 643.00 |
| 7. | Dr. Thomas Moses . . . . . . . . . | 535.00 |
| 8. | East Ridge Hospital . . . . . . . . | 274.00 |
| 9. | Physical Therapy Assoc.. . . . . . . | 1,130.00 |
| | | _____ |
| | TOTAL MEDICALS . . . . . . . . . . | $4,081.60 |

4

CHRISTOPHER M. SILVELS

1.   Parkridge Medical Center . . . .    $    31.50
2.   Emergency Medical Assoc. . . . .         65.00
3.   Dr. Donald R. Thorner  . . . . .        225.00
                                         _____
     TOTAL MEDICALS . . . . . . . . . $    321.50

We concede the jury could well have found the medical expenses four through eight claimed by Ms. Trueitt unnecessary, as well as five through nine as to Ms. Silvels. Nevertheless, that would leave in legitimate expenses--those incurred on the date of the accident--$916.10 for Ms. Trueitt, and $539.60 for Ms. Silvels. This would only leave $117.23 for Ms. Trueitt and $465.00 for Ms. Silvels to compensate them for their injuries, though minor, which would include pain, suffering, and emotional shock occasioned by the accident.

Given the fact that the impact as to the vehicle in which they were riding was not slight, the repair bill for that vehicle being in excess of $4000, and for the truck in excess of $2000, we conclude the award as to both was below the range of reasonableness and the Trial Court was in error in not granting a new trial.

As to Ms. Silvels' son, Christopher, the jury apparently found that the only necessary medical expenses he incurred was $96.50, and that he received no injuries in the accident. We conclude that his award, which was the exact

medical expenses incurred on the day of the accident, was not below the range of reasonableness and does not justify any interference by this Court.

For the foregoing reasons, the judgment of the Trial Court as to Ms. Trueitt and Ms. Silvels is vacated and the cause remanded for a new trial. The judgment as to Christopher is affirmed and the cause remanded for collection of the judgment and costs below. Exercising our discretion, we adjudge all costs of appeal against Mr. McCurry.

_____
Houston M Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.

6